**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Cassidy J. Green (126286), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 0425 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| ) | |
| LaSalle Co. Sheriff Dept., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Cassidy J. Green, currently a prisoner at Pinckneyville Correctional Center, brought this *pro se* civil-rights action, 42 U.S.C. § 1983, challenging various aspects of his detention at the LaSalle County Jail in April 2018. Pending is the third amended complaint, R. 43, for initial review.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

In this case, Green alleges that, on the night of April 25, 2018, he was placed in a padded cell at the LaSalle County Jail. R. 43 at 13. Green had been in the hospital before returning to the Jail. *Id.* at 14-15. According to Green, Sergeant Farro

"ordered" him to be placed in this cell despite the fact that Green still needed medical attention or a medical evaluation. *Id.* at 15.

Green remained in the padded cell for five days. *Id.* at 16. According to Green, the cell's conditions were inadequate: he did not have "adequate access to drinking water[,] as the padded cell did not have a sink"; he was "forced to sleep on the floor, as the padded cell is barren and lacks structural support for a mattress"; he was denied "basic hygiene items, such as soap, toothbrush, toothpaste, toilet paper, towels or otherwise"; he was "forced to eliminate in a 1x1 grate located in the corner of the cell, which was only flushed at the discretion of the guards"; he was "forced to hold his bowel movements for days on end, as the padded cell lacks an actual toilet" (and this led to abdominal pain and constipation); he had no cleaning supplies, "despite cell floor having feces spread throughout from prior residents"; he was exposed to "continual frigid temperatures, as the padded cell … lacks an adequate ventilation system"; and he was "subjected to (24) hour a day constant illumination thereby making it difficult to decipher day from night." *Id.* at 17-19. Green alleges that he "alerted, notified, or grieve[d] the aforementioned issues" to jail staff at different times throughout the five-day period, but his complaints were ignored or disregarded. *Id.* at 20.

In the third amended complaint, Green names as defendants the following: the LaSalle County Sheriff's Department, Jacqueline Farro, Ypolito Salinas, Elizabeth Diaz, Deputy Burns, Deputy Cavanaugh, Deputy Bradley, Corporal Walcynski, Jerry Rimmele, and jail nurse "Diana Doe." *Id.* at 2.

Accepting the allegations as true, the complaint arguably states a federal claim. The Fourteenth Amendment's Due Process Clause prohibits subjecting pretrial detainees to conditions so adverse that they amount to punishment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). To assert a claim, a detainee must allege that (1) he was housed under conditions that deprived him of "the minimal civilized measure of life's necessities"; and (2) Jail officials acted in an objectively unreasonable manner under the circumstances, including that they "possessed a purposeful, a knowing, or possibly a reckless state of mind" with regard to the conditions. *Id.* at 309 n.2; *see also Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (applying *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015), to pretrial detainee's medical-care claim); *Darnell v. Pineiro*, 849 F.3d 17, 34-35 (2d Cir. 2017) (applying *Kingsley* to claims of unconstitutional jail conditions).

The allegations about the poor conditions in the padded cell (that he endured over the course of five days) are sufficient to meet the first element of a Due Process jail-conditions claim, that is, the conditions fell below minimal civilized necessities. Even if a single condition standing alone would pass constitutional muster, "some conditions of confinement may establish a violation in *combination* when each alone would not do so," and conditions that may not be sufficiently serious for a short period

of time, "can become a violation … if endured over a significant time." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (internal citations and quotation marks omitted).

On the second element, although it is a close call, Green has sufficiently alleged that the individual Defendants acted with the requisite state of mind. It is true that the allegations are vaguely worded and group the Defendants together. But, read expansively, Green is alleging that, at various times during the five-day period, he complained to officers Farro, Salinas, Diaz, Burns, Cavanaugh, Bradley, Walcynski, and Rimmele about the conditions, yet they ignored or disregarded his complaints.

That means that Defendants Farro, Salinas, Diaz, Burns, Cavanugh, Bradley, Walscynski, and Rimmele must respond to the third amended complaint. Nothing in this order, which is based on review of the third amended complaint without benefit of the adversarial process, precludes any legal argument that the Defendants may advance.

Having said that, all remaining claims and defendants are dismissed. Green may not proceed against the LaSalle County Sheriff's Department. First, Green lists the Sheriff's Department in the caption of the amended pleading, but makes no mention of it in the body of the complaint. A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint, as Green has done here. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). In any event, Green seems to have named this particular Defendant simply because it employs the individual Defendants. But a governmental entity "cannot be held liable solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). So any claim against the LaSalle County Sheriff's Department is dismissed.

Next, Defendant "Diana Doe" is dismissed. This individual appears to be a nurse, and is mentioned only once in the body of the pleading. It is unclear how this individual—as a member of the Jail's medical staff—was (or would have been) involved with the conditions in Green's cell. Section 1983 creates a cause of action based on personal liability and predicated on fault, so a defendant must be alleged to have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552,556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). As discussed earlier, the complaint is focused on the jail *officers* who allegedly knew about the poor conditions (and failed to address them). Even if this nurse knew about the conditions in Green's cell, there are no factual allegations from which to infer that she had any authority to remedy them. This defendant too is dismissed.

As a final point on the screening review, Green might be trying to raise a stand-alone medical claim in the third amended complaint. In the introduction, he mentions that he was transferred to the Jail from a hospital and that Jail staff knew (or should have known) that he needed medical attention or a "medical evaluation[.]" R. 43 at 15. But the amended pleading is devoid of any factual information whatsoever related to his medical needs or medical care. So to the extent Green is attempting to raise a medical claim in this lawsuit, those sparse statements are too vague to adequately state a claim. *See Twombly*, 550 U.S. at 555 (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and also must be enough to "give the defendant fair notice of what the claim is and the grounds upon which it rests."); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (observing that some factual allegations are too sketchy to give defendants sufficient notice of the claim).

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Farro, Salinas, Diaz, Burns, Cavanugh, Bradley, Walcynski, and Rimmele. The Court directs the Clerk to mail Green four blank USM-285 (Marshals Service) forms (for Defendants Burns, Cavanaugh, Bradley, Walcynski. The docket reflects that Green has completed and returned service forms for Defendants Farro, Salinas, Diaz, and Rimmele, and the Marshals Service shall use the completed forms [*see* 45, 45-1, 45-2, 45-7] to effect service on these particular individuals.[1] The Court advises Green that a completed USM-285 form is required for service on each Defendant. The Marshals Service will not attempt to serve the Defendants unless the required forms are received. So Green must complete and return a service form (as set forth above), and failure to do so may result in dismissal of the unserved Defendant.

The Court appoints the U.S. Marshals Service to serve Defendants Farro, Salinas, Diaz, Burns, Cavanugh, Bradley, Walcynski, and Rimmele. The Court directs the Marshal to make all reasonable efforts to serve Defendants. For any former employee of the LaSalle County Jail who can no longer be found at the work address provided by Green, jail officials must furnish the Marshals Service with the Defendant's last-known address. The Marshals Service will use the information only for purposes of effectuating service or to show proof of service, and any documentation

---

[1] The docket reflects that Green also completed and returned service forms for Defendants Burns, Cavanaugh, Bradley, and Walcynski. But it seems that Green does not know the first names of these particular Defendants (and has thus referred to them, in part, as "John"). To avoid confusion (and any potential problems with service), Green must complete new USM-285 forms for Defendants Burns, Cavanaugh, Bradley and Walcynski and return them to the Court. Green should simply refer to these individuals, as he has done in the body of the instant complaint, as Deputy Burns, Deputy Cavanaugh, Deputy Bradley and Corporal Walcynski. When completing the USM-285 forms for these individuals. Green should provide as much identifying information (such as work shift, physical description, badge number) as possible to assist the Marshals Service.

of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshals Service, except as necessary to serve Defendant. The Court authorizes the Marshals Service to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service. The U.S. Marshals Service shall use the USM-285 forms on file for Defendants to Farro, Salinas, Diaz, and Rimmel (Dkts. 45, 45-1, 45-2, 45-7) to serve those particular individuals.

      The Court instructs Green to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Green must include a certificate of service indicating the date on which Green gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Green. Green is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

      Lastly, Green's renewed motion for attorney representation, R. 44, is denied without prejudice. The document is missing the signature page. "Every pleading, written motion, and other paper" filed in court "must be signed … by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Also, the case is s still in its early stages, and all that is required now of Green is to return USM-285 forms for particular Defendants. He can do that on his own (he already did so for other Defendants).

      To track the progress of service and the return of the pending USM-285 forms only (no appearance is required, the case will not be called), the status hearing of July 17, 2020 is reset to August 28, 2020 at 8:30 a.m.

      ENTERED:

      s/Edmond E. Chang
      Honorable Edmond E. Chang
      United States District Judge

DATE: July 16, 2020